The Honorable Robert J. Bryan

1

2

3

4

5

6

## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 20-5065RJB |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| COVA CAMPBELL, | |
| Defendant. | |

The United States of America, by and through Brian T. Moran, United States Attorney for the Western District of Washington, and Brian D. Werner, Assistant United States Attorney for said District, Defendant COVA CAMPBELL, and Defendant's attorney, Lance Hester, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(b).

1.    **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Indictment.

a.    <u>Wire Fraud</u>, as charged in Count 3, in violation of Title 18, United States Code, Section 1343.

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty

1   plea, Defendant will be placed under oath.  Any statement given by Defendant under oath
2   may be used by the United States in a prosecution for perjury or false statement.
3       2.   **Elements of the Offense.**  The elements of the offense to which Defendant
4   is pleading guilty, Wire Fraud, as charged in Count 3, are as follows:
5           First, Defendant knowingly participated in, devised, and intended to devise
6   a scheme or plan to defraud or a scheme or plan for obtaining money or property by
7   means of false and fraudulent pretenses, representations, or promises;
8           Second, the statements made or facts omitted as part of the scheme were
9   material, that is, they had a natural tendency to influence, or were capable of influencing,
10  a person to part with money or property;
11          Third, Defendant acted with the intent to defraud, that is, the intent to
12  deceive and cheat; and
13          Fourth, Defendant used, or caused to be used, an interstate wire
14  communication to carry out or attempt to carry out an essential part of the scheme.
15      3.   **The Penalties.**  Defendant understands that the statutory penalties
16  applicable to the offense to which Defendant is pleading guilty are as follows:
17          a.   For the offense of Wire Fraud, as charged in Count 3:  A maximum
18  term of imprisonment of up to twenty (20) years, a fine of up to $250,000.00, a period of
19  supervision following release from prison of up to three (3) years, and a mandatory
20  special assessment of $100.  If a probationary sentence is imposed, the probation period
21  can be for up to five (5) years.
22          Defendant understands that supervised release is a period of time following
23  imprisonment during which Defendant will be subject to certain restrictive conditions and
24  requirements.  Defendant further understands that, if supervised release is imposed and
25  Defendant violates one or more of the conditions or requirements, Defendant could be
26  returned to prison for all or part of the term of supervised release that was originally
27  imposed.  This could result in Defendant serving a total term of imprisonment greater
28  than the statutory maximum stated above.

Plea Agreement - 2
*U.S. v. Cova Campbell*, CR 20-5065RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1      Defendant understands that as a part of any sentence, in addition to any term of

2 imprisonment and/or fine that is imposed, the Court may order Defendant to pay

3 restitution to any victim of the offense, as required by law.

4      Defendant further understands that the consequences of pleading guilty may

5 include the forfeiture of certain property, either as a part of the sentence imposed by the

6 Court, or as a result of civil judicial or administrative process.

7      Defendant agrees that any monetary penalty the Court imposes, including the

8 special assessment, fine, costs, or restitution, is due and payable immediately and further

9 agrees to submit a completed Financial Statement of Debtor form as requested by the

10 United States Attorney's Office.

11     4.   **Rights Waived by Pleading Guilty.** Defendant understands that by

12 pleading guilty, Defendant knowingly and voluntarily waives the following rights:

13      a.   The right to plead not guilty and to persist in a plea of not guilty;

14      b.   The right to a speedy and public trial before a jury of Defendant's

15 peers;

16      c.   The right to the effective assistance of counsel at trial, including, if

17 Defendant could not afford an attorney, the right to have the Court appoint one for

18 Defendant;

19      d.   The right to be presumed innocent until guilt has been established

20 beyond a reasonable doubt at trial;

21      e.   The right to confront and cross-examine witnesses against Defendant

22 at trial;

23      f.   The right to compel or subpoena witnesses to appear on Defendant's

24 behalf at trial;

25      g.   The right to testify or to remain silent at trial, at which trial such

26 silence could not be used against Defendant; and

27      h.   The right to appeal a finding of guilt or any pretrial rulings.

28

Plea Agreement - 3
*U.S. v. Cova Campbell*, CR 20-5065RJB

1    5.   **United States Sentencing Guidelines.**  Defendant understands and

2   acknowledges that the Court must consider the sentencing range calculated under the

3   United States Sentencing Guidelines and possible departures under the Sentencing

4   Guidelines together with the other factors set forth in Title 18, United States Code,

5   Section 3553(a), including:  (1) the nature and circumstances of the offense; (2) the

6   history and characteristics of Defendant; (3) the need for the sentence to reflect the

7   seriousness of the offense, to promote respect for the law, and to provide just punishment

8   for the offense; (4) the need for the sentence to afford adequate deterrence to criminal

9   conduct; (5) the need for the sentence to protect the public from further crimes of

10   Defendant; (6) the need to provide Defendant with educational and vocational training,

11   medical care, or other correctional treatment in the most effective manner; (7) the kinds

12   of sentences available; (8) the need to provide restitution to victims; and (9) the need to

13   avoid unwarranted sentence disparity among defendants involved in similar conduct who

14   have similar records.  Accordingly, Defendant understands and acknowledges that:

15       a.   The Court will determine Defendant's Sentencing Guidelines range

16   at the time of sentencing;

17       b.   After consideration of the Sentencing Guidelines and the factors in

18   18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the

19   maximum term authorized by law;

20       c.   The Court is not bound by any recommendation regarding the

21   sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

22   range offered by the parties or the United States Probation Department, or by any

23   stipulations or agreements between the parties in this Plea Agreement; and

24       d.   Defendant may not withdraw a guilty plea solely because of the

25   sentence imposed by the Court.

26    6.   **Ultimate Sentence.**  Defendant acknowledges that no one has promised or

27   guaranteed what sentence the Court will impose.

28

Plea Agreement - 4
*U.S. v. Cova Campbell*, CR 20-5065RJB

7.   **Statement of Facts.** The parties agree on the following facts. Defendant admits Defendant is guilty of the charged offense:

a.   The Pierce County Housing Authority (PCHA) was a municipal corporation engaged in the provision of housing assistance to Pierce County residents in need. PCHA received its funding from State, Federal, and private sources. These funds were used by PCHA to assist those in need of housing.   PCHA's principal place of business was located in Tacoma, Washington.

b.   Defendant Cova Campbell, formerly known as Cova Hunter, worked for PCHA from 1998 until 2019. From about 2006 until 2019, Defendant was the Finance Director for PCHA. As the Finance Director, Defendant was responsible for PCHA's banking relationships and accounts. As Finance Director, Defendant had managerial discretion and the authority to wire money from PCHA bank accounts, approve invoices, and account for expenses.

c.   Beginning in 2016, and continuing until 2019, Defendant abused her authority as PCHA Finance Director to cause PCHA money to be fraudulently diverted to accounts controlled by Defendant and for Defendant's use and benefit through a false invoices scheme and a fraudulent wire transfer scheme.

d.   **False invoices scheme.** From 2016 until 2019, Defendant prepared and submitted more than 50 different false invoices that purported to charge PCHA for services that were not actually performed. Defendant prepared these invoices to make it appear that they were being submitted by different outside vendors for PCHA, however, in truth and in fact, the invoices were submitted by Defendant. Campbell included her personal bank account number on these false invoices, to make it appear that her personal account was the proper vendor bank account for PCHA to direct payment. In this way, Campbell was able to divert millions of dollars from PCHA bank accounts to her own account. Campbell abused her authority as Finance Director to approve PCHA's payment of these false invoices and caused others to approve these invoices. Campbell

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  concealed the payments of these false invoices from other PCHA employees by causing

2  the false invoices to be paid at the same time as legitimate invoices.

3         e.    **Fraudulent wire transfer scheme.** From 2018 until 2019,

4  Defendant used her authority to make 13 unauthorized wire transfers from PCHA

5  accounts to accounts that she controlled.  These wire transfers were in amounts ranging

6  from $100,000 to $500,000.  In order to execute this scheme, Campbell contacted the

7  national wire transfer center for the PCHA bank account and directed wire transfers of

8  PCHA funds from the PCHA bank account to her accounts or otherwise for her benefit.

9  For example, on September 2018, Campbell caused a transfer of $200,000 from the

10  PCHA bank account to an escrow account in connection with her purchase of land in

11  Oklahoma.  The Defendant admits that this $200,000 is part of the proceeds that she

12  received from the wire fraud scheme described in the Indictment.

13         f.    Defendant covered up these fraudulent transfers of PCHA money by

14  making false entries in PCHA's accounting records that described fraudulent transfers as

15  "investments."  In 2019, when contacted by the Washington State Auditor's Office

16  (SAO) about these wire transfers, Campbell similarly told the SAO that these transfers

17  were for investments.

18         g.    As charged in Count 3, as a representative example of Defendant's

19  fraud schemes, on March 11, 2019, Defendant placed a telephone call from Tacoma,

20  Washington, to the national wire transfer center for the PCHA bank account, in Ohio, and

21  directed the wire transfer center to make a $500,000 wire transfer from the PCHA bank

22  account to her personal bank account.  In so doing, Defendant caused an interstate wire

23  transmission.  The Defendant admits that this $500,000 is part of the proceeds that she

24  received from the wire fraud scheme described in the Indictment.

25         h.    In total, from the invoice scheme and the wire transfer scheme,

26  Defendant fraudulently caused $6.9 million to be transferred from PCHA accounts to

27  accounts that she controlled.  The Defendant admits that the $6.9 million is proceeds that

28  she received from the invoice and wire transfer scheme.  Campbell used this money for

1 | her own benefit. As described above, Defendant used money diverted from PCHA
2 | accounts to pay for her purchase of land in Oklahoma and for improvements on that land.
3 | Defendant sent money that was diverted from PCHA to J.M.C., an individual who later
4 | became Defendant's husband. Defendant used diverted money to pay for improvements
5 | to her residence in Lakewood. Defendant used other diverted money to pay for travel,
6 | including a trip to Las Vegas and for the use of a private jet. She used other diverted
7 | money to pay for gambling and internet gaming. She used other diverted money to
8 | purchase two automobiles.

9 | i. The parties agree that the Court may consider additional facts
10 | contained in the Presentence Report (subject to standard objections by the parties) and/or
11 | that may be presented by the United States or Defendant at the time of sentencing, and
12 | that the factual statement contained herein is not intended to limit the facts that the parties
13 | may present to the Court at the time of sentencing.

14 | 8. **Sentencing Factors.** The parties agree that the following Sentencing
15 | Guidelines provisions apply to this case:

16 | a. A base offense level of 7, pursuant to USSG § 2B1.1(a)(1);
17 | b. An 18-level increase, pursuant to USSG § 2B1.1(b)(1)(J), because
18 | the loss amount was more than $3.5 million, but less than $9.5 million; and
19 | c. A 2-level increase, pursuant to USSG § 3B1.3, because the
20 | Defendant abused a position of trust with PCHA in connection with the offense.

21 | The parties agree they are free to present arguments regarding the applicability of
22 | all other provisions of the United States Sentencing Guidelines. Defendant understands,
23 | however, that at the time of sentencing, the Court is free to reject these stipulated
24 | adjustments, and is further free to apply additional downward or upward adjustments in
25 | determining Defendant's Sentencing Guidelines range.

26 | 9. **Acceptance of Responsibility.** At sentencing, *if* the Court concludes
27 | Defendant qualifies for a downward adjustment acceptance for acceptance of
28 | responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or

Plea Agreement - 7
*U.S. v. Cova Campbell*, CR 20-5065RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  greater, the United States will make the motion necessary to permit the Court to decrease

2  the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because

3  Defendant has assisted the United States by timely notifying the United States of

4  Defendant's intention to plead guilty, thereby permitting the United States to avoid

5  preparing for trial and permitting the Court to allocate its resources efficiently.

6       10.   **Restitution.**

7          a.      Defendant shall make restitution in the amount of $6,997,486.85,

8  representing the total amount of money diverted from PCHA by Defendant

9  ($6,922,801.63) plus the cost to PCHA of the SAO investigation ($74,685.22), with

10  credit for any amounts already paid.

11          b.      Restitution is payable as follows:

12              i.      The amount of $5,909,986.85 is due and payable to PCHA.

13  The parties agree that Defendant's $5,909,986.85 restitution obligation shall be reduced

14  by any amounts that Cova Campbell or J.M.C. pays pursuant to the Partial Settlement

15  Agreement, between Defendant, J.M.C., and PCHA.  To receive credit for such

16  payments, Defendant shall provide the Government and the Clerk of Court with

17  competent evidence and accounting of payments pursuant to the Partial Settlement

18  Agreement.

19  
20              ii.      The amount of $587,500 is due and payable to Key Bank,
    representing the amount that PCHA has recovered related to this offense.

21  
22              iii.      The amount of $500,000 is due and payable to Travelers
    Insurance, representing the amount that PCHA has recovered related to this offense.

23  
24          c.      The full amount of restitution shall be due and payable immediately
    on entry of judgment and shall be paid as quickly as possible.  If the Court finds that the

25  defendant is unable to make immediate restitution in full and sets a payment schedule as

26  contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule

27  represents a minimum payment obligation and does not preclude the U.S. Attorney's

28

1   Office from pursuing any other means by which to satisfy the defendant's full and

2   immediately-enforceable financial obligation, including, but not limited to, by pursuing

3   assets that come to light only after the district court finds that the defendant is unable to

4   make immediate restitution.

5           d.      Defendant agrees to disclose all assets in which Defendant has any

6   interest or over which Defendant exercises control, directly or indirectly, including those

7   held by a spouse, nominee, or third party.  Defendant agrees to cooperate fully with the

8   United States' investigation identifying all property in which Defendant has an interest

9   and with the United States' lawful efforts to enforce prompt payment of the financial

10  obligations to be imposed in connection with this prosecution.  Defendant's cooperation

11  obligations are:  (1) before sentencing, and no more than 30 days after executing this Plea

12  Agreement, truthfully and completely executing a Financial Disclosure Statement

13  provided by the United States Attorney's Office and signed under penalty of perjury

14  regarding Defendant's and Defendant's spouse's financial circumstances and producing

15  supporting documentation, including  tax returns, as requested; (2) providing updates

16  with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within

17  seven days of the event giving rise to the changed circumstances; (3) authorizing the

18  United States Attorney's Office to obtain Defendant's credit report before sentencing; (4)

19  providing waivers, consents or releases requested by the U.S. Attorney's Office to access

20  records to verify the financial information; (5) authorizing the U.S. Attorney's Office to

21  inspect and copy all financial documents and information held by the U.S. Probation

22  Office; (6) submitting to an interview regarding Defendant's Financial Statement and

23  supporting documents before sentencing (if requested by the United States Attorney's

24  Office), and fully and truthfully answering questions during such interview; and (7)

25  notifying the United States Attorney's Office before transferring any interest in property

26  owned directly or indirectly by Defendant, including any interest held or owned in any

27  other name, including all forms of business entities and trusts.

28

Plea Agreement - 9
*U.S. v. Cova Campbell*, CR 20-5065RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1        e.        The parties acknowledge that voluntary payment of restitution prior

2   to the adjudication of guilt is a factor the Court considers in determining whether

3   Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).  In

4   addition, in any event, the government will consider Defendant's cooperation regarding

5   restitution in making its sentencing recommendation.

6        11.        **Forfeiture of Assets.**  Defendant understands that the forfeiture of property

7   is part of the sentence that must be imposed in this case. Defendant agrees to forfeit to the

8   United States immediately her right, title, and interest in all property that constitutes or is

9   traceable to proceeds of the wire fraud scheme, as charged in the Indictment.  All such

10  property is forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), by

11  way of Title 28, United States Code, Section 2461(c), and includes but is not limited to:

12       a.        a sum of money in the amount of $6,922,801.63, reflecting the

13  proceeds the Defendant obtained from the wire fraud scheme.  The Defendant

14  understands and acknowledges this forfeited sum of money is separate and distinct from

15  the restitution that is ordered in this case. The United States agrees, however, that it will

16  request the Attorney General apply any amounts it collects toward satisfaction of this

17  forfeited sum to the restitution that is ordered.  The United States also agrees that any

18  amount the Defendant pays toward restitution will be credited against this forfeited sum.

19       The Defendant agrees to fully assist the United States in the forfeiture of any

20  forfeitable property and to take whatever steps are necessary to pass clear title to the

21  United States, including but not limited to: surrendering title and executing any

22  documents necessary to effect forfeiture; assisting in bringing any property located

23  outside the United States within the jurisdiction of the United States; and taking whatever

24  steps are necessary to ensure that property subject to forfeiture is not sold, disbursed,

25  wasted, hidden, or otherwise made unavailable for forfeiture. The Defendant agrees not

26  to file a claim to any of this property in any federal forfeiture proceeding, administrative

27  or judicial, that may be or has been initiated, or to otherwise contest any federal forfeiture

28

Plea Agreement - 10
*U.S. v. Cova Campbell*, CR 20-5065RJB

1  proceeding that may be or has been initiated. The Defendant also agrees she will not
2  assist any party who may file a claim to this property in any federal forfeiture proceeding.
3       The United States reserves its right to proceed against any remaining property not
4  identified in this Plea Agreement, including any property in which the Defendant has any
5  interest or control, if that property constitutes or is traceable to proceeds of her
6  commission of Wire Fraud.
7       12.   **Non-Prosecution of Additional Offenses.**  As part of this Plea Agreement,
8  the United States Attorney's Office for the Western District of Washington agrees not to
9  prosecute Defendant for any additional offenses known to it as of the time of this Plea
10  Agreement based upon evidence in its possession at this time, and that arise out of the
11  conduct giving rise to this investigation, and moves to dismiss the remaining counts in
12  the Indictment at the time of sentencing.  In this regard, Defendant recognizes the United
13  States has agreed not to prosecute all of the criminal charges the evidence establishes
14  were committed by Defendant solely because of the promises made by Defendant in this
15  Plea Agreement.  Defendant agrees, however, that for purposes of preparing the
16  Presentence Report, the United States Attorney's Office will provide the United States
17  Probation Office with evidence of all conduct committed by Defendant.
18       Defendant agrees that any charges to be dismissed before or at the time of
19  sentencing were substantially justified in light of the evidence available to the United
20  States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant
21  with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119
22  (1997).
23       13.   **Breach, Waiver, and Post-Plea Conduct.**  Defendant agrees that, if
24  Defendant breaches this Plea Agreement, the United States may withdraw from this Plea
25  Agreement and Defendant may be prosecuted for all offenses for which the United States
26  has evidence.  Defendant agrees not to oppose any steps taken by the United States to
27  nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea
28  Agreement.  Defendant also agrees that, if Defendant is in breach of this Plea Agreement,

Plea Agreement - 11
*U.S. v. Cova Campbell*, CR 20-5065RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Defendant has waived any objection to the re-institution of any charges that previously

2  were dismissed or any additional charges that had not been prosecuted.

3      Defendant further understands that if, after the date of this Agreement, Defendant

4  should engage in illegal conduct, or conduct that violates any conditions of release or the

5  conditions of confinement (examples of which include, but are not limited to, obstruction

6  of justice, failure to appear for a court proceeding, criminal conduct while pending

7  sentencing, and false statements to law enforcement agents, the Pretrial Services Officer,

8  Probation Officer, or Court), the United States is free under this Plea Agreement to file

9  additional charges against Defendant or to seek a sentence that takes such conduct into

10  consideration by requesting the Court to apply additional adjustments or enhancements in

11  its Sentencing Guidelines calculations in order to increase the applicable advisory

12  Guidelines range, and/or by seeking an upward departure or variance from the calculated

13  advisory Guidelines range.  Under these circumstances, the United States is free to seek

14  such adjustments, enhancements, departures, and/or variances even if otherwise

15  precluded by the terms of the Plea Agreement.

16      14.   **Waiver of Appellate Rights and Rights to Collateral Attacks.**

17  Defendant acknowledges that, by entering the guilty plea required by this plea agreement,

18  Defendant waives all rights to appeal from Defendant's conviction, and any pretrial

19  rulings of the Court, and any rulings of the Court made prior to entry of the judgment of

20  conviction.  Defendant further agrees that, provided the Court imposes a custodial

21  sentence that is within or below the Sentencing Guidelines range as determined by the

22  Court at the time of sentencing, Defendant waives to the full extent of the law:

23      a.   Any right conferred by Title 18, United States Code, Section 3742,

24  to challenge, on direct appeal, the sentence imposed by the Court, including any fine,

25  restitution order, probation or supervised release conditions, or forfeiture order (if

26  applicable); and

27

28

Plea Agreement - 12
*U.S. v. Cova Campbell*, CR 20-5065RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1        b.     Any right to bring a collateral attack against the conviction and

2  sentence, including any restitution order imposed, except as it may relate to the

3  effectiveness of legal representation; and

4        This waiver does not preclude Defendant from bringing an appropriate motion

5  pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or

6  the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

7        If Defendant breaches this Plea Agreement at any time by appealing or collaterally

8  attacking (except as to effectiveness of legal representation) the conviction or sentence in

9  any way, the United States may prosecute Defendant for any counts, including those with

10  mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea

11  Agreement.

12       15.   **Voluntariness of Plea.** Defendant agrees that Defendant has entered into

13  this Plea Agreement freely and voluntarily, and that no threats or promises were made to

14  induce Defendant to enter a plea of guilty other than the promises contained in this Plea

15  Agreement or set forth on the record at the change of plea hearing in this matter.

16       16.   **Statute of Limitations.** In the event this Plea Agreement is not accepted

17  by the Court for any reason, or Defendant breaches any of the terms of this Plea

18  Agreement, the statute of limitations shall be deemed to have been tolled from the date of

19  the Plea Agreement to:  (1) thirty (30) days following the date of non-acceptance of the

20  Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach

21  of the Plea Agreement by Defendant is discovered by the United States Attorney's

22  Office.

23       17.   **Completeness of Agreement.** The United States and Defendant

24  acknowledge that these terms constitute the entire Plea Agreement between the parties,

25  except as may be set forth on the record at the change of plea hearing in this matter. This

26  Agreement binds only the United States Attorney's Office for the Western District of

27  Washington. It does not bind any other United States Attorney's Office or any other

28  office or agency of the United States, or any state or local prosecutor.

Plea Agreement - 13
*U.S. v. Cova Campbell*, CR 20-5065RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Dated this 15 day of ~~December~~ January, 2020.

COVA CAMPBELL
Defendant

LANCE HESTER
Attorney for Defendant

BRIAN WERNER
Assistant United States Attorney

Plea Agreement - 14
*U.S. v. Cova Campbell*, CR 20-5065RJB